# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-482V
Filed: March 24, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JAMES CZERWONKA, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Maximillian Muller*, Muller Brazil LLP, Dresher, PA, for petitioner.
*Heather Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 11, 2015, James Czerwonka ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") and chronic inflammatory demyelinating polyradicular neuropathy ("CIDP") after receiving the influenza vaccine on October 31, 2013. Petition at 1, ¶¶ 3, 7, 9. On February 23, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 30).

On March 9, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 32). Petitioner requests attorneys' fees in the amount of $27,285.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $3,166.50 for a total amount of $30,451.50.[3] In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at ¶ 4. On March 22, 2016, respondent filed a response to petitioner's motion. (ECF No. 35).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2 (citations omitted). Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $18,000.00 to $21,000.00" but provides no basis or explanation for how she arrived at this proposed range. *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $30,451.50[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Maximillian Muller.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Motion at ¶ 4 (ECF 32). The undersigned recognizes that the amount sought for attorneys' fees and costs is higher than the amounts awarded in the majority of special processing unit cases due to the voluminous medical records involved and numerous entries in the billing records reflecting client contact.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.